T.C. Memo. 2011-18

UNITED STATES TAX COURT

GARY L. GREENBERG AND IRENE GREENBERG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25420-07.                    Filed January 24, 2011.

<u>James E. Brown</u>, for petitioners.

<u>Anne W. Durning</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of
$1,161,134 in petitioners' Federal income tax for 2004 and a
$232,227 penalty under section 6662(a).  After concessions by
petitioners, the issues for decision are:  (1) Whether
petitioners may exclude from income punitive damages received in
2004 from a successful lawsuit for improperly denied disability

insurance claims under section 104(a)(3), and (2) whether petitioners are liable for the penalty under section 6662. Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioners resided in Arizona at the time the petition was filed.

Gary Greenberg (petitioner) purchased a private disability income insurance policy from the Paul Revere Life Insurance Co. (Paul Revere) in 1988. Petitioner purchased the policy entirely with after-tax dollars and did not receive any contribution from his employer.

In 1990, petitioner became disabled and filed a claim with Paul Revere. Paul Revere accepted his claim and paid benefits until approximately September 1998. After Paul Revere ceased paying benefits, petitioner filed suit against the company alleging breach of contract and insurance bad faith. In 2004, the U.S. District Court for the District of Arizona ruled in favor of petitioner and awarded damages as follows:

| Description | Amount |
|---|---|
| Past disability benefits and premiums | $151,552.42 |
| Future disability payments | 395,893.00 |
| Punitive damages | 2,400,000.00 |
| Costs and fees | 340,919.77 |
| Interest | 61,294.00 |
| Total | 3,349,659.19 |

Paul Revere paid the judgment in full.

Petitioners did not report any part of the award on their Federal income tax return for 2004 or any other year. Petitioners also received $199 in interest income in 2004 that they did not report.

The notice of deficiency adjusted petitioners' income to include the punitive damages, interest, and the proportional amount of costs and fees awarded in the lawsuit as well as the $199 in interest income. The adjustments did not include the compensatory damages of $547,445.42 or $63,411 of the awarded legal fees and costs, the portion the parties have stipulated is attributable to those payments.

## Discussion

Petitioners contest respondent's determination that they are not entitled to exclude the punitive damages from income. Petitioners concede, however, that the $61,294 in interest received from the lawsuit may not be excluded from income and that the $199 additional interest item is taxable.

Punitive Damages Under Section 104(a)(3)

The definition of gross income under section 61(a) broadly encompasses any accession to a taxpayer's wealth. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995). Therefore, absent an exception by another statutory provision, damage awards from a lawsuit must be included in gross income. See Kenseth v. Commissioner, 114 T.C. 399, 413-417 (2000), affd. 259 F.3d 881 (7th Cir. 2001).

Section 104(a)(3) permits taxpayers to exclude from gross income:

> amounts received through accident or health insurance
> (or through an arrangement having the effect of
> accident or health insurance) for personal injuries or
> sickness (other than amounts received by an employee,
> to the extent such amounts (A) are attributable to
> contributions by the employer which were not includible
> in the gross income of the employee, or (B) are paid by
> the employer);

Proceeds from a lawsuit initiated to recover payments owed under an insurance policy may also be excluded from income if they otherwise meet the requirements of the statute. See Watts v. Commissioner, T.C. Memo. 2009-103 ("That petitioner had to litigate to establish her rights to payment under the * * * policy does not change the conclusion that the payment was received 'through' accident insurance.").

In general, exclusions from income are narrowly construed. Commissioner v. Schleier, supra at 328. Petitioners argue that the punitive damages may be excluded from income under section

104(a)(3) primarily because punitive damages could not have been awarded without the insurance policy.  This "but for" argument, however, is discredited by the Supreme Court's analysis of section 104(a)(2) in O'Gilvie v. United States, 519 U.S. 79 (1996).  In that case the Supreme Court considered an earlier version of section 104(a)(2) that excluded from income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness".  The Court reasoned that both the statute and the intention of Congress to exclude only those damages that compensate for personal injuries or sickness indicate that the exclusion does not encompass punitive damages.

Although the wording of section 104(a)(3) is slightly different from that of section 104(a)(2), paragraph (3) similarly does not permit taxpayers to exclude punitive damages.  There is no legal or linguistic reason to distinguish between the limitation of section 104(a)(2), that damages be received "on account of" personal injuries or sickness, and the limitation of section 104(a)(3), that the "amounts received through accident or health insurance" must be received "for personal injuries or sickness".  See Commissioner v. Schleier, supra at 330 (suggesting that each of the provisions of section 104(a) imposes identical requirements with respect to personal injuries).  Any punitive damages award arguably is made because of some injury

and thus would not be awarded "but for" the injury. Punitive damages are for the purposes of punishment, not compensation for "personal injuries or sickness" and therefore do not meet the requirements of the statute. O'Gilvie v. United States, supra at 83-84; Commissioner v. Schleier, supra at 329-330.

Congress has amended section 104(a) to address punitive damages in the context of section 104(a)(2). That section was first amended to address punitive damages to eliminate from the exclusion "punitive damages in * * * a case not involving physical injury or physical sickness", effective July 10, 1989. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7641, 103 Stat. 2379. The Supreme Court held that this amendment did not imply that all other punitive damages were excluded from that section because the provision was intended as a legislative compromise regarding nonphysical injuries, or simply a clarification of the current law, rather than a change to the law regarding punitive damages. O'Gilvie v. United States, supra at 89-90. Congress further amended the statute, effective August 20, 1996, specifically excepting punitive damages from the exclusion. Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838.

Petitioners contend that Congress must have intended section 104(a)(3) to encompass punitive damages because it failed to amend that section when it amended section 104(a)(2).

Petitioners, however, offer no evidence of Congress' intent regarding section 104(a)(3), only speculation. Unlike section 104(a)(2), section 104(a)(3) has not been the subject of significant litigation about the excludability of punitive damages. Thus, as described above we find no reason to read the injury requirement differently under section 104(a)(3) than the Supreme Court in O'Gilvie read section 104(a)(2) before the 1996 amendment.

Petitioners claim that the punitive damages they received were not punitive, but "bad faith damages". They contend, without citation of relevant authority, that "damage awards that serve both to compensate and punish are excludable". The punitive damages they received are ineligible to be excluded under section 104(a)(3), however, because they are not compensating "for personal injuries or sickness" even if attributable to bad faith accompanying contractual obligation or tortious activity.

For the reasons outlined above, petitioners are not entitled to exclude from gross income the punitive damages they received. The legal fees and costs received in a judgment that correspond to taxable damages are also taxable. See Goeden v. Commissioner, T.C. Memo. 1998-18. The parties have stipulated that $63,411 of the costs and fees are related to the damages that petitioners may exclude from income under section 104(a)(3). The balance of

the costs and fees that petitioners received in the lawsuit is taxable. Respondent has agreed that petitioners may deduct those costs and fees as a miscellaneous itemized deduction, subject to applicable rules. See secs. 212, 67.

## Section 6662 Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. A substantial understatement of income tax exists if the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority.  See Rule 142(a); Higbee v. Commissioner, supra at 446-447.  Considering the erroneous nature of the deduction and the amount of the resulting underpayment of tax, respondent has satisfied the burden of producing evidence that the penalty is appropriate.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, supra at 448.  The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners do not separately address the penalty issue. Given the plain language of the statute and the applicable caselaw, the arguments they provide in support of their position on the deficiency itself do not amount to substantial authority or reasonable cause.  Petitioners did not provide any evidence that they relied on professional advice, and they did not disclose their position on their return.  See sec. 6662(d)(2)(B).

Petitioners have therefore not met their burden of proof and are liable for the penalty.

We have considered the other arguments of the parties, and they either are without merit or need not be addressed in view of our resolution of the issues.  For the reasons explained above,

<u>Decision will be entered</u>

<u>under Rule 155</u>.